UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUSTUS HIRSCHMAN,<br><br>        Plaintiff,<br><br>vs.<br><br><br>AGRARIA INSURANCE COMPANY,<br><br>        Defendant. | 4:23-CV-04123-KES<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL |

**INTRODUCTION**

A "discovery dispute" is before the court on the complaint of Justus Hirschman against his farm and ranch insurer, Agraria Insurance Company. See Docket Nos. 1 & 26; Docket No. 24-3 at 15:8–10.[1]  Mr. Hirschman alleges breach of contract and bad faith for Agraria's handling of a claim he made following a hailstorm in Yankton, South Dakota, on May 28, 2022.  See generally Docket No. 1.

Defendant Agraria Insurance Company moves to compel the production of information allegedly withheld by Mr. Hirschman.  Docket No. 26 at p. 1. Agraria further seeks an award of attorney's fees and expenses as recompense for bringing the motion.  Id.  Pursuant to 28 U.S.C. § 1332, jurisdiction is

---

[1] Citations to transcripts in this opinion will be as to the transcript page number, regardless of the page number within the court's docketing system.

premised on the parties' diversity of citizenship.[2]  Docket No. 1, ¶ 3; Docket No. 5, ¶ 4.  This opinion resolves Agraria's motion to compel [Docket No. 26], which the district court referred to this magistrate judge.  Docket No. 36.

## FACTS[3]

Mr. Hirschman owns property in Yankton, South Dakota, "which contains multiple farm related buildings including a house, garages, cattle sheds, a chicken barn, a carriage building, and grain bins."  Docket No. 1, ¶ 5.  On or about May 28, 2022, that property was insured (including for hail damage) under a policy provided by Agraria.  Id. ¶¶ 6–8.  And on that day, the property, including "various buildings' roofing, siding, gutters, and grain bin sections," was damaged in a "severe hailstorm."  Id. ¶¶ 10–13.

Mr. Hirschman submitted a timely claim to Agraria, who delegated the inspection of the property to "authorized agents."  Id. ¶¶ 14–15.  Following that inspection, Agraria offered what Mr. Hirschman considered "an unreasonably low amount to settle the claim."  Id. ¶ 16.  Areas of contention include the refusal of payment of "overhead and profit costs," the exclusion of "various inventory" in the estimate, and the use of software populated with obsolete pricing.  Id. ¶¶ 17–19.

---

[2] Although Agraria disagrees that the amount in dispute surpasses the $75,000 jurisdictional threshold, Docket No. 5, ¶ 4, the court finds that Mr. Hirschman "alleges the jurisdictional amount in good faith"—a finding sufficient to adjudicate this matter.  Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (citations omitted); compare, e.g., Docket No. 5, ¶ 17 with Docket No. 31-4.

[3] To consider Agraria's motion, the court takes the facts as asserted in the complaint and plaintiff's brief.  No imprimatur of the court as to their veracity is intended.

Mr. Hirschman provided Agraria with three estimates to demonstrate the proper value of his claim. Id. ¶¶ 20–23. One of these estimates was from Mr. Hirschman's own business, H&H Roofing. See Docket No. 31-4. The parties disagree over Mr. Hirschman's involvement and influence over the development of the remaining two. See Docket No. 30 at pp. 3–4. Nevertheless, "[e]ach of the three companies arrived at similar bid amounts which were substantially greater than the amount [Agraria] provided to settle the claim." Docket No. 1, ¶ 21. Mr. Hirschman claims breach of contract and bad faith, including a "pattern and practice of refusing to provide coverage and honor the plain terms of its insurance contract." Id. ¶¶ 40–57. Mr. Hirschman seeks punitive damages, alleging Agraria's "refusal to provide coverage" as "willful, wanton and with reckless disregard." Id. ¶ 58.

## DISCUSSION

### A. Discovery, Generally

"Discovery is a[n] investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and . . . the veracity of those persons and purported evidence." Sentis Grp., Inc. v. Shell Oil Co., 763 F.3d 919, 926 (8th Cir. 2014). The process of discovery aids in both "narrowing and defining the disputed legal and factual issues." Williams v. McClain, 708 F. Supp. 1086, 1090 (W.D. Mo. 1989).

Information sought through discovery must be (1) nonprivileged; (2) "relevant to any party's claim or defense"; and (3) "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Discovery, like the evidence it seeks, "is relevant where it 'has a tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence.' " Lynch v. Experian Info. Sols., Inc., 581 F. Supp. 3d 1122, 1126 (D. Minn. 2022) (quoting FED. R. EVID. 401) (alteration in original).  But unlike trial evidence, discovery is not curtailed by the limiting features of the Federal Rules of Evidence.  Richter v. XL Ins. Am. Inc., 4:23-CV-04094-CCT, 2024 WL 3461643, at *3 (D.S.D. July 18, 2024) (Richter III).  As such, its scope is "extremely broad." Id.

"Whether requested discovery is proportional to the needs of the case is a fact-intensive inquiry." Pearson v. Royal Canin USA, Inc., 4:22-CV-04018-KES, 2023 WL 5916437, at *3 (D.S.D. Sept. 11, 2023).  A court must consider:

> [T]he importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).

Among the devices provided for by the Federal Rules of Civil Procedure to facilitate the exchange of discovery are interrogatories.  See FED. R. CIV. P. 33. "Interrogatories allow a party to learn facts within an adversary's knowledge, so that questions of fact may be reduced to a minimum before trial." Stedillie v. Milford Cas. Ins. Co., 4:23-CV-04048-KES, 2024 WL 449630, at *2 (D.S.D. Feb. 6, 2024) (quoting Onofrio v. Am. Beauty Macaroni Co., 11 F.R.D. 181, 184 (W.D. Mo. 1951) (cleaned up)).

4

Should a party refuse to answer an interrogatory, Rule 37 allows the requesting party to move for "an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1), (a)(3)(B)(iii).  The movant "must make a threshold showing that the requested information falls within the scope of discovery under Rule 26(b)(1)."  Sprint Commc'ns Co. L.P. v. Crow Creek Sioux Tribal Ct., 316 F.R.D. 254, 263–64 (D.S.D. 2016) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992)).  "If that showing is successful, the resisting party bears the burden of convincing the court otherwise."  Woods v. JDHQ Hotels LLC, 4:23-CV-04026-RAL, 2024 WL 1886468, at *2 (D.S.D. Apr. 30, 2024) (citing Sprint Commc'ns Co., 316 F.R.D. at 264).  "If the court determines the requests to be outside the scope allowed by Rule 26(b)(1), it must fashion appropriate limits."  Stedillie, 2024 WL 449630, at *3 (citing FED. R. CIV. P. 26(b)(2)(c)(iii)).

**B.     The Contested Discovery**

Interrogatory No. 13 states:

With regard to your allegation that Defendant has a "pattern and practice of conducting sham investigations of weather-related property damage claims", please:

(a)     State each fact and opinion, professional or otherwise, upon which you rely and claim support such allegation;

(b)     Identify each person who has personal knowledge of each of such facts and opinions; and

(c)     Identify each document and, particularly, the specific language of such document which supports such allegation and produce copies of the same.

Docket No. 27 at p. 2.

Interrogatory No. 14 states:

With regard to your allegation that Defendant has a "pattern and practice of limiting its payments to its insureds by failing to conduct reasonable initial investigations and identifying intentional and/or recklessly low amounts of benefits owed under its insureds' policies", please:

(a)     State each fact and opinion, professional or otherwise, upon which you rely and claim supports such allegation;

(b)     Identify each person who has personal knowledge of each of such facts and opinions; and

(c)     Identify each document and, particularly, the specific language of such document which supports such allegation and produce copies of the same.

Id.

Mr. Hirschman responded to both interrogatories as follows: "*See* answer to Interrogatories 5 & 7; CIA 1-576.  Discovery is ongoing and this answer will be supplemented as information becomes available." Id.

Mr. Hirschman's answer to Interrogatory No. 5 appears to correlate to subsection (b) of Interrogatory Nos. 13 & 14, in that, subject to some boilerplate objections, it provides, "Without waiving said Objections, please refer to the individuals identified in Plaintiffs Initial and Supplemental Rule 26 Disclosures, particularly Joe Jares . . . Brendon Hansen . . . Brad Nold . . . and Spencer Flaten." Id.

Mr. Hirschman's answer to Interrogatory No. 7 states:

Defendant provided estimates that had to be rewritten several times, and each time the estimates were rewritten, the amounts were increased due to Defendant missing, providing improper amounts or undervaluing numerous items.  Defendant still refuses to provide the necessary overhead and profit for the buildings and

6

>   undervalues the cost of the material.  See document Bates
>   stamped as P193-197, CAI 1-576.

Id.

Agraria found Mr. Hirschman's answers insufficient, as it presumed that if Mr. Hirschman made allegations of "patterns and practices" of "sham investigations" and unreasonable payments that he should be able to produce evidence of past behavior.  Docket No. 28-2 at pp. 3–4.  As such, it asked Mr. Hirschman to supplement his answers.  Id. at pp. 2–4.  Mr. Hirschman responded that the "pattern and practice" language alluded to "a variety of legal duties . . . which will be determined by the Court."  Id. at p. 1.  And his counsel suggested that if Agraria wanted clarity, it could seek it through Mr. Hirschman's deposition.  Id.

At deposition, Mr. Hirschman testified that his understanding of the alleged patterns and practices was limited to his own claim experience.  Docket No. 28-3 at 95:3—97:4.  When asked what information he possessed related to the claims experiences of others, he replied, "None."  Id. at 97:5–12.

Counsel for Agraria floated an ultimatum with Mr. Hirschman's counsel: "either produce the information, or withdraw the allegation contained in the Complaint."  Docket No. 33-1 at p. 6.  In response, counsel for Mr. Hirschman pointed to the testimony of Brad Nold as well as the inspector Joe Jares as evidence of the patterns and practices.  But again, Agraria considered such information insufficient, because those depositions took place after the complaint was filed.  Id. at p. 3.

With its motion to compel, Agraria argues similarly:

7

> [Mr.] Hirschman's Complaint alleges that Agraria has, in the past, repeatedly ("pattern and practice") engaged in wrongful conduct. Agraria assumes [Mr.] Hirschman's counsel would not make such a specific, public, and defamatory allegation without evidence to support such a claim.  It is not sufficient for [Mr.] Hirschman to point to his current claim experience with Agraria.  [Mr.] Hirschman, based upon his own Complaint, has alleged that Agraria has, in the past, repeatedly engaged in "sham" investigations.  Through discovery, Agraria is entitled to the evidence that supports this allegation, which necessarily was available to [Mr.] Hirschman and his counsel at the time [Mr.] Hirschman served his Complaint.

Docket No. 27 at p. 5.

What is clear from Agraria's briefing is that Agraria, and its counsel Mark Arndt, know that there is nothing for the court to compel.  See generally Docket No. 34.  Rather, Mr. Arndt uses this discovery motion to make the point that Mr. Hirschman should not be alleging "patterns and practices" if, at the time of filing his complaint, he possesses no evidence of any behavior external to his own claim experience.  Cf. id.

But if Agraria, or Mr. Arndt, takes issue with the sufficiency of Mr. Hirschman's pleading, i.e., believes he failed to state a claim upon which relief can be granted, the Federal Rules of Civil Procedure instruct where to make such an argument: in a motion under Rule 12(b)(6) or 12(c), in a pleading, or at trial.  See FED. R. CIV. P. 12(b)(6), (h).

And if Agraria believes Mr. Hirschman's lawyers signed a complaint alleging a pattern and practice of conduct that had no evidence to support it, see FED. R. CIV. P. 11(b)(3), and that one *must have* such evidence in hand before making such an allegation, Docket No. 33-1 at p. 2, that motion (for

8

sanctions) "must be made separately from any other motion" and by following the procedure dictated by Rule 11(c)(2).  FED. R. CIV. P. 11(c)(2).

Rule 37, on the other hand, concerns a motion to compel—a good faith request for the court to order disclosure or discovery.  FED. R. CIV. P. 37(a)(1). A motion to compel is not a vehicle to vent frustration with the plaintiff's litigation strategy nor is it a substitute for a Rule 11 motion.

## CONCLUSION

It is hereby

ORDERED that Agraria's motion to compel [Docket No. 26] is denied.

Rule 37 provides that where an unjustifiable motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  Id. at (a)(5)(B).  Mr. Hirschman requested such fees.  Docket No. 32 at p. 14.  The court finds an award of attorney's fees is warranted.  It is therefore further

ORDERED that on or before September 23, 2024, Mr. Hirschman shall file a motion for attorney fees complete with detailed time records demonstrating the time his lawyers spent on responding to Agraria's motion to compel.  Agraria shall have 21 days thereafter to respond to the motion. Mr. Hirschman may file a reply 14 days thereafter if he so desires.

9

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 6th day of September, 2024.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge